LUCY BROWN ET AL. V. LUCIUS HUMPHREY ET AL.

Decided April 21, 1906.

**1.—Suit Involving Homestead—Wife not Necessary Party, When.**

A judgment against the husband binds the interest of the wife in community real estate, unless she has a defense growing out of her homestead rights. Unless the fact that the land was a homestead is available as a defense the wife is not a necessary party to the suit.

**2.—Community Property—Homestead—Partition Deed—Consent of Wife.**

A parol partition of community land by the husband, fairly made, with the consent or acquiescence of the wife, will be binding on the wife notwithstanding its homestead character. For the purpose of effecting a partition of community land occupied as a homestead the husband executed a deed to the cotenant; the name of the wife did not appear in the body of the deed, but she signed and acknowledged it. Held that, although the deed was not operative as a conveyance by the wife, it was evidence of her consent to the partition.

**3.—Costs—Article 1438, Rev. Stats., Construed.**

Plaintiffs sued for an entire tract of 300 acres; defendants answered by plea of not guilty and limitation; plaintiffs had judgment for 150 acres, and defendants for 150 acres; the court adjudged the costs against the plaintiffs, giving as a reason for so doing that the only issue in the case was the title to the 150 acres claimed and recovered by defendants. Held, error. The defendants might have filed a disclaimer as to the land they did not claim and so protected themselves against costs, but, having put in issue plaintiffs' title to the entire tract, they should pay the costs.

Appeal from the District Court of Fort Bend County. Tried below before Hon. James Slyfield, Special Judge.

*J. C. Mitchell* and *T. E. Mitchell,* for appellants.—The court erred in holding that the judgment rendered in the District Court of Fort Bend County, Texas, on the 25th day of March, A. D. 1898, whereby Virginia Palmer and Irene Palmer recovered judgment against appellants Archie Brown and Thomas Roberts for an undivided one half interest in the three hundred acres of land in controversy in this suit, was binding on both appellants Lucy Brown and husband, Archie Brown, as well as on Fanny Roberts and husband, Thomas Roberts, when said land at said time constituted their respective homesteads. Willis v. Matthews, 46 Texas, 478; Whetstone v. Coffee, 48 Texas, 269; Wheatly v. Griffin, 60 Texas, 209; Coker v. Roberts, 71 Texas, 597; Myers v. Evans, 81 Texas, 317; Dykes v. O'Conner, 83 Texas, 160; Freeman v. Hamblin, 1 Texas Civ. App., 157; Texas Land and Mortgage Co. v. Cooper, 67 S. W. Rep., 175; Waples on Homestead Exemption, pp. 121, 122 and 384.

A judgment rendered against the husband alone for land which constitutes the homestead of the husband and wife is void, and inoperative as to both husband and wife, although such land may be separate property of the husband or the cummunity property of both hubsand and wife. Thompson v. Jones, 60 Texas, 94; Mexia v. Lewis, 21 S. W. Rep., 1016; Freeman v. Hamblin, 21 S. W. Rep., 1019; Odum v. Menafee, 33 S. W. Rep., 130; Gober v. Smith, 36 S. W. Rep., 910; San Antonio Real Estate Assn. v. Stewart, 65 S. W. Rep., 665; Waples on Homestead and Exemption, pp. 684, 5 and 6; 9 Am. and Eng. Ency. of Law, p. 431.

The court erred in holding that the deed of date November 28, 1898, whereby Archie Brown and Thomas Roberts convey to C. R. Wharton, Robert Woody, Wm. Sorley, M. L. Morris and M. M. Crow, the north half of the three hundred acres of land in controversy in this suit was binding on both Archie Brown and wife, Lucy Brown, and Thomas Roberts and wife, Fanny Roberts, when the west half of the land so conveyed constituted part of the homestead of said Archie Brown and wife, Lucy Brown, and the east half of the land so conveyed constituted part of the homestead of Thomas Roberts and wife, Fanny Roberts, at said date. Constitution of the State of Texas, 1876, art. 16, sec. 50; Rev. Stats. of Texas, 1879, arts. 559 and 560; Fitzgerald v. Turner, 43 Texas, 79; Whetstone v. Coffee, 48 Texas, 269; Campbell v. Elliott, 52 Texas, 151; Wheatley v. Griffin, 60 Texas, 209; Morris v. Geisecke, 60 Texas, 633; Cole v. Bammel, 62 Texas, 108; Warren v. Jones, 69 Texas, 462; Coker v. Roberts, 71 Texas, 597; Murrell v. Wright, 78 Texas, 519; Madden v. Madden, 79 Texas, 595; Stone v. Sledge, 87 Texas, 53; Astugueville v. Loustaunau, 61 Texas, 233; Kalamazoo Nat. Bank v. Johnson, 24 S. W. Rep., 350; Roberts v. Ezell, 32 S. W. Rep., 362; Huss v. Wells, 44 S. W. Rep., 33; Bishop on Married Women, vol. 1, sec. 594; Tiedeman on Real Prop., sec. 794; Devlin on Deeds, vol. 1, secs. 101, 107 and 196; 5 Am. and Eng. Ency. of Law, 428; 9 Am. and Eng. Ency. of Law, 477; Parson on Contracts, vol. 1, p. 406; First Hilliard on Real Prop., p. 89.

In a suit of trespass to try title wherein the defendant does not dis-

claim, but pleads not guilty, and the statutes of limitation, then upon a recovery by plaintiff for part of the land sued for, entitles the plaintiff to a further judgment against the defendant for all costs of court. Rev. Stats. of 1879, arts. 4806, 4791-4794; Koenigheim v. Miles, 67 Texas, 113; Wooters v. Hall, 67 Texas, 513; King v. Haley, executrix, 75 Texas, 163; Ballard v. Carmicheal, 83 Texas, 355; Houston & T. C. Ry. Co. v. Bowie, 2 Texas Civ. App., 437; Bexar County·v. Voght, 91 Texas, 285; Rains v. Wheeler, Executor, 76 Texas, 390; Dutton v. Thompson, 85 Texas, 115; Keyser v. Meusback, 77 Texas, 64; Moody v. Holcomb, 26 Texas, 714; Titus v. Johnson, 50 Texas, 224; Meyers v. Kirlicks, 25 S. W. Rep., 652.

*Spencer C. Russell,* for appellees.—The wife is neither a necessary or proper party to a suit involving the title to a community homestead; unless her homestead rights would be a defense to the action. Plaintiffs neither plead nor proved that the homestead rights of Lucy Brown would have been a defense to the suit of Palmer v. Brown et al., and hence they are bound by the judgment therein. Jergens v. Schiele, 61 Texas, 257; San Antonio v. Berry, 92 Texas, 327; Butler v. Carter, 58 S. W. Rep., 634; Collins v. Ferguson, 56 S. W. Rep., 225; Central Coal Co. v. Henry, 47 S. W. Rep., 281; Cage v. Perry, 38 S. W. Rep., 543.

In the absence of fraud upon the wife, the husband may designate the homestead. Therefore, Wharton having title to an undivided one-half of the 300 acres, the deed of partition executed by Brown and Roberts to Wharton, for the specific one-half, was in effect a designation by them of the other one-half as their respective homesteads, and said deed is binding upon their wives, and especially is this true since both Lucy Brown and Fannie Roberts signed and acknowledged the deed of partition. Wardlow v. Miller, 69 Texas, 399; Halbert v. Carroll, 25 S. W. Rep., 1104; Martin v. Harris, 26 S. W. Rep., 92; Arnold v. Attaway, 35 S. W. Rep., 483; Aycock v. Kimbrough, 10 Am. St. Rep., 745, note.

The court properly taxed the costs against the appellants.

REESE, ASSOCIATE JUSTICE.—This is a suit in trespass to try title by Lucy Brown and her husband, Archie Brown, and Fannie Roberts and her husband, Thomas Roberts, against Lucius Humphrey and his wife, Cordia Humphrey, to recover the title and possession of 300 acres of land. It was alleged that one-half of the land belonged to Fannie and Thomas Roberts and had been their homestead since January 1, 1898, and the other half belonged to Lucy and Archie Brown and had been their homestead since January 1, 1898, said tracts having been continuously used by the parties respectively as a homestead.

Defendants answered by general demurrer, general denial and plea of not guilty, and pleaded the statute of limitations of five years in bar of plaintiffs' right to recover. They also pleaded specially that they were tenants of C. R. Wharton, who was the owner of the land claimed by plaintiff by purchase from Virginia Tatum, T. W. Tatum and Irene Palmer, who had recovered the land of plaintiffs Thomas Roberts and Archie Brown by judgment of the District Court of Fort Bend County. The case was tried without a jury, and judgment rendered for the

plaintiffs for a specific half of the 300 acres and for defendants for the balance. The court adjudged all of the costs against plaintiffs. From this judgment plaintiffs appeal.

The findings of fact of the trial court are not attacked in any way, and from these it appears that some time prior to 1890 W. R. Goss and others conveyed to plaintiff Archie Brown 150 acres of the tract in controversy, and Lena Blakely conveyed to plaintiff Thomas Roberts the other 150 acres of the tract. At the time of such conveyance the parties, Roberts and Brown, were married to their wives named as plaintiffs. The property was community, and both parties with their wives moved upon their respective tracts and occupied the same as their homesteads and were so occupying them at the time of the filing of the suit and the rendition of the judgment in the cause No. 4051, hereafter referred to. In 1895 Virginia Palmer and others, claiming to own an undivided one-half of the 300 acres aforesaid, brought suit in trespass to try title in the District Court of Fort Bend County in cause No. 4051 against Thomas Roberts and Archie Brown to recover the same, and in 1898 recovered judgment against said defendants Brown and Roberts for the undivided one-half interest in the tract. The wives of said Roberts and Brown, plaintiffs in this suit, were not parties to said suit No. 4051. Their claim to the land sued for therein arose solely from the fact that it was their homestead. They make no claim of title in themselves otherwise.

The title of the plaintiffs in said cause No. 4051 to the said undivided half of the 300 acres became vested by proper conveyances in C. R. Wharton, under whom the defendants in this suit claim as tenants. In 1898, after the rendition of said judgment in cause No. 4051, Archie Brown and Thomas Roberts, for the purpose of partitioning the said 300 acres between themselves and C. R. Wharton, conveyed to said Wharton a specific one-half of the tract, being the land awarded to defendants by the judgment in this cause, and which tract was composed of one-half of the land conveyed to Roberts and one-half of the land conveyed to Brown by the respective deeds to them before referred to. The wives of the said Roberts and Brown signed and duly acknowledged this deed, but their names do not appear in the body of the deed. They were occupying their respective tracts as a homestead at the time of the execution of this deed, and after its execution they remained in possession and occupancy of the remaining portions left to them after the execution of the deed to Wharton, while Wharton has been in possession, use and occupation of the land conveyed to him aforesaid by the deed of Roberts and Brown.

The assignments of error present two propositions of law:

First. It is contended by appellants that the judgment in cause No. 4051, by which Virginia Palmer and others recovered judgment against Thomas Roberts and Archie Brown for an undivided one-half of the 300 acres, is void as to appellants Lucy Brown and Fannie Roberts, their wives, who were not parties to that suit, the respective tracts being their homesteads.

Second. That the property being the homesteads of the parties, the deed of the husbands to C. R. Wharton executed for the purpose of effecting a partition of the 300 acres, is not binding on the wives, appel-

lants herein, for the reason that, notwithstanding they signed and duly acknowledged the same, their names do not appear as grantors in the body of the deed.

As to the first contention, it appears from the findings of fact aforesaid, that Lucy Brown and Fannie Roberts, wives of Archie Brown and Thomas Roberts respectively, at the time of the institution of the suit in cause No. 4051 and of the rendition of judgment therein, had no title to the land involved except such as arose from the fact that it was community property of themselves and their respective husbands and constituted their homesteads.

A judgment against the husband binds the interest of the wife' in community property unless she has a defense growing out of her homestead rights. Unless the fact that the land was a homestead was available as a defense, the wife was not a necessary party to the suit referred to. (Jergens v. Schiele, 61 Texas, 258; San Antonio v. Berry, 92 Texas, 327; Central Coal & Coke Co. v. Henry, 47 S. W. Rep., 281.) Where, as in this case, the wife seeks to avoid a judgment against her husband in a suit involving the title to community real estate to which she was not a party, on the ground that the property constituted her homestead, it is incumbent upon her to show that this fact would have availed as a defense. The contrary appears from the record in this case.

The second point urged by appellants; that the names of the wives of Roberts and Brown did not appear in the body of the partition deed, although they signed and duly acknowledged the same; is without merit. A parol partition of land by the husband fairly made, with the consent or acquiescence of the wife, the property being community, and notwithstanding its homestead character, would be binding upon the wife. The evidence shows that this partition was accepted by the parties and there is no intimation that any objection was made by the wives of Roberts and Brown. The fact that they signed and acknowledged the conveyance to Wharton whereby the partition was effected, sufficiently shows that the partition was made with their consent, and that they acquiesced therein. The deed is not operative as a conveyance by them for the reason that their names do not appear in the body of the deed as grantors, but certainly it is as effectual, with their signatures, as a verbal partition made by their husbands with their consent would have been. (Wardlow v. Miller, 69 Texas, 398, 399; Ikard v. Thompson, 81 Texas, 290; Arnold v. Attaway, 35 S. W. Rep., 482.)

Appellants sued for the entire tract of 300 acres, and appellees entered a plea of general denial and not guilty, and pleaded specially that their landlord, C. R. Wharton, had title to the land sued for under the judgment in cause No. 4051, and further pleaded specially the statute of limitations of five years as a bar to appellants' entire claim. Appellants had judgment for that portion of the tract left to them after the execution of the partition deed and appellees recovered the remainder, that is, that portion conveyed by the partition deed. The trial court adjudged the entire costs against appellants. The reasons set out in the judgment for this action as to the costs are as follows: "The only issue in the case being the title to the above 150 acres (referring to the 150 acres adjudged to appellees), plaintiffs already owning the remainder decreed

to them before this suit was filed and about which there was no dispute, it is ordered that plaintiffs pay all costs of this proceeding."

This judgment, presumably, was rendered under the provisions of article 1438, Revised Statutes, authorizing the court for good cause shown, to be stated in the record, to adjudge the costs otherwise than as provided in article 1425, which latter article provides that the successful party shall recover all costs.

It is expressly provided in article 5270, Revised Statutes, with reference to suits in trespass to try title, that where the defendant claims the whole premises, and the plaintiff shows himself entitled to recover part, the plaintiff shall recover such part and costs. It is not necessary to decide whether this article is to be construed in connection with article 1438 above referred to, or whether the latter article applies at all to suits in trespass to try title. In the present case appellees by their plea of not guilty admitted their possession or claim of title to the entire premises (Art. 5258, Rev. Stats.), and this claim was emphasized by their plea of the statute of limitations wherein they set up their possession of the entire premises. These pleadings put appellants upon proof of their title to the land adjudged to them. If they had failed in such proof judgment would have been against them, which would have been a bar to any claim on their part to the land finally adjudged to them. (Wooters v. Hall, 67 Texas, 513.) So far as the record shows the issues were made by the written pleadings alone, and these put in issue appellants title to the land recovered by them. In such case they were entitled to a judgment for costs, and the judgment against them for costs was error. (Koenigheim v. Miles, et al., 67 Texas, 120.)

Appellees could have protected themselves against a judgment for costs by promptly filing a disclaimer as to the land adjudged to appellants, if they claimed no title thereto. They chose rather to file such a pleading as put appellants upon proof of their title thereto. If they abandoned upon the trial their claim to all except the land recovered by them, and made no attempt to defeat appellants' claim to that adjudged to them, this would not authorize or justify a judgment against appellants for costs under the provisions of article 1438, Revised Statutes, in view of the written pleadings.

The judgment of the trial court as to costs is therefore reversed and judgment is here rendered in favor of appellants and against appellees for all costs including the costs of this appeal. In all other respects the judgment is affirmed.

*Reversed and rendered in part, and affirmed in part.*