HARRIS et al. v. WAGNON et al.

(Court of Civil Appeals of Texas. Texarkana. June 6, 1912.)

ADVERSE POSSESSION (§ 95*)—EVIDENCE OF POSSESSION—PAYMENT OF TAXES.

In determining whether defendant's possession of a few acres of a tract of land was an adverse possession of the whole, the jury are entitled to consider the fact of his failure to pay taxes on the land.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 530–532; Dec. Dig. § 95.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by John W. Harris and others against C. J. Wagnon and others. From a judgment for defendants, plaintiffs appeal. Reversed and remanded.

Lane & Lane, of Marshall, for appellants. Beard & Davidson, of Marshall, for appellees.

WILLSON, C. J. This suit was brought by the executors of the will of Annie P. Harris, deceased, and the children of said Annie P. Harris and her husband, John W. Harris, who died intestate, to recover the title and possession of 160 acres of the John V. Morton survey of 2,323 acres in Harrison county. Appellees C. J. Wagnon, E. H. Jones, and Sydney Jones were the defendants. Wagnon answered that he claimed no interest in or right to the land other than as a tenant of said E. H. Jones and his grantee Sydney Jones, who answered by a plea of "not guilty," and of title in themselves by virtue of the statute of limitations of 10 years. They further alleged that the claim of title asserted by appellants was a cloud on their title, and asked that same be removed. The judgment was in favor of appellee Sydney Jones for the land sued for and costs, and in favor of appellees E. H. Jones and C. J. Wagnon for costs.

It appeared from the testimony that the land belonged to the community estate between said John W. Harris and Annie P. Harris, and that appellants were entitled to recover it unless appellee E. H. Jones had acquired title thereto by the operation in his favor of the statute of limitations of 10

years. Said E. H. Jones owned the A. Jones survey, the west boundary line of which was identical with an east boundary line of the Morton survey. While occupying land on said Jones survey in 1883, said E. H. Jones had included in an inclosure he made of land thereon five or six acres of the Morton survey adjoining same, and thereafterwards until 1901 claimed and cultivated said five or six acres of the Morton survey as his own. The controverted question in the case was as to whether the possession of said E. H. Jones should be held to embrace 160 acres of the Morton survey, including said five or six acres, or only the five or six acres. As a circumstance tending to show that his possession should not be construed to extend to more than the five or six acres, testimony showing that said E. H. Jones never paid taxes on any of the land in the Morton survey was admitted. Notwithstanding such testimony, at the request of appellees, the court instructed the jury as follows: "You are charged in this suit that the law does not require the defendants to have paid taxes on the land in controversy—that whether they have or not will not be considered by you." We will not detail the testimony nor comment on it further than to say that a finding to the contrary of that made by the jury would not have been unsupported by it. Therefore, the instruction being clearly erroneous, the judgment must be reversed. Appellants plainly had a right to have the jury in determining the question to consider the fact that said E. H. Jones had never during the time it was claimed he was asserting adverse possession of the land in controversy paid taxes thereon. Webb v. Lyerla, 43 Tex. Civ. App. 124, 94 S. W. 1096; Abbott's Trial Evidence, pp. 905, 906.

The 19 assignments presenting other objections made to the judgment are overruled. Considered with reference to the record, none of the rulings complained of in those assignments requires a reversal of the judgment.

The judgment is reversed, and the cause is remanded for a new trial.