NUNEZ v. McELROY.  (No. 408.)

(Court of Civil Appeals of Texas.  El Paso. March 4, 1915.)

1. APPEAL AND ERROR ⊛⇒548—RESERVATION OF GROUNDS OF REVIEW—EXCEPTIONS.

In the absence of a bill of exceptions, the admission of evidence cannot be reviewed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2433–2440; Dec. Dig. ⊛⇒ 548.]

2. EVIDENCE ⊛⇒590—WEIGHT AND SUFFICIENCY—INTERESTED WITNESSES.

In trespass to try title to land which defendant claimed by adverse possession, as he was an interested witness, the trial court, in determining whether his possession was under a claim of right or title, was at liberty to disregard his testimony that he had for years claimed the land and surrounding lands under a Mexican land grant.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2439; Dec. Dig. ⊛⇒590.]

3. TRESPASS TO TRY TITLE ⊛⇒41 — HOSTILE CHARACTER OF POSSESSION—SUFFICIENCY OF EVIDENCE.

In trespass to try title to land where, though it appeared that defendant took possession in 1897 and had occupied the land as a home with his wife and family up to the time of the trial, and he testified that he had for years claimed such land and surrounding lands under a Mexican land grant, it also appeared that he had rendered and paid taxes on personal property, but had made no rendition of lands and had paid no taxes thereon, that he accepted a lease from plaintiff's grantor recognizing him as his landlord, that such grantor had for years exercised dominion over the tract which defendant claimed under his supposed Mexican grant, and that defendant at no time questioned such grantor's right to such land, a finding that defendant did not occupy the land under a claim of right or title could not be disturbed.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 62, 63; Dec. Dig. ⊛⇒ 41.]

4. ADVERSE POSSESSION ⊛⇒112 — PRESUMPTIONS AND BURDEN OF PROOF.

In trespass to try title where plaintiff connected himself with the sovereignty by a regular chain of title, the burden of establishing title by limitation rested upon defendant.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 651, 653, 654, 657–659, 661–663, 665, 666; Dec. Dig. ⊛⇒112.]

5. TRESPASS TO TRY TITLE ⊛⇒27—NECESSARY PARTIES—WIFE OF PARTY IN POSSESSION.

In trespass to try title to land occupied as a home by defendant and his family, defendant's wife was not a necessary party, since the homestead right was not available as a defense.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. § 33; Dec. Dig. ⊛⇒27.]

Appeal from District Court, El Paso County; M. Nagle, Judge.

Action by John T. McElroy against Jesus Nunez.  Judgment for plaintiff, and defendant appeals.  Affirmed.

C. L. Vowell and Beall & Kemp, all of El Paso, for appellant.  Davis & Goggin, Paul D. Thomas, and Burges & Burges, all of El Paso, for appellee.

HIGGINS, J..  Trespass to try title filed May 21, 1913, by McElroy against Nunez, in-volving five acres out of survey 110½.  Upon trial before court, judgment was rendered in favor of McElroy.  Defendant pleaded not guilty and three, five, and ten years' statute of limitation.

### Findings of Fact.

Findings of fact were filed by the trial court, from which it appears that title to the premises passed from the sovereignty of the soil to G. M. Dodge, who, in turn, conveyed to McElroy by deed dated June 25, 1909. By instrument dated May 22, 1909, Dodge leased the five acres to Nunez, which lease was accepted by the latter and his wife and was by them signed and duly acknowledged. Nunez built a house upon the premises in 1897 and occupied it as a home with his wife and family up to time of trial.  Nunez and wife did not at any time occupy the premises under any claim of right or title other than as tenants of Dodge until a short time prior to institution of suit.  Dodge and his assignee were in actual possession of all of survey 110½ from some time prior to 1897 to present time, rendering same for taxation and paying all taxes due thereon up to 1913. Nunez has never rendered the premises for taxation or paid any taxes thereon, but has rendered and paid taxes on personal property only.

### Conclusions of Law.

[1] 1. In the absence of a bill of exception, the action of the trial court in admitting in evidence the lease contract of May 22, 1909, cannot be reviewed.

2. We cannot set aside the finding that Nunez and wife did not occupy the premises under any claim of right or title, other than as a tenant of Dodge, at any time during the occupancy of the same, until shortly before institution of suit.

[2] It is true Nunez testified he had for many years claimed the same and its surrounding lands under a grant from the Republic of Mexico, but he was an interested witness, and the court was at liberty to disregard the same.  Pridgen v. Walker, 40 Tex. 135; Bolt v. Bank, 145 S. W. 708; Bank v. Landa, 40 S. W. 406; Sovereign, etc., v. Jackson, 138 S. W. 1137; Domenico v. Ry. Co., 90 S. W. 60.

[3] For quite a number of years Nunez rendered and paid taxes on certain personal property, but made no rendition of lands and paid no taxes thereon, and this omission is a circumstance tending to show that his possession was not adverse.  Webb v. Lyerla, 43 Tex. Civ. App. 124, 94 S. W. 1096; Harris v. Wagnon, 148 S. W. 606; Abbott's Trial Evidence, 905, 906.

The acceptance of the lease contract recognizing Dodge as his landlord is another circumstance.  Dodge for many years exercised dominion over the tract which Nunez claimed under his supposed Mexican grant,

⊛⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

and at no time or in any way did Nunez question Dodge's right, although Nunez testified that he claimed the premises in controversy and a large surrounding body of land under this grant from the Mexican government.

[4] Plaintiff having connected himself with the sovereignty by regular chain of title, the burden of establishing his title by limitation then rested upon defendant, and under the circumstances detailed, this court would not be warranted in setting aside the finding that his possession was not adverse.

3. The evidence amply supports the finding that the premises were situate within the Annie Mason survey No. 110½.

[5] 4. The wife of Nunez was not a necessary party defendant, since the homestead right was in no wise available as a defense. Jergens v. Schiele, 61 Tex. 257; Childress v. Robinson, 161 S. W. 79; Brown v. Humphrey, 43 Tex. Civ. App. 23, 95 S. W. 23; City of San Antonio v. Berry, 92 Tex. 327, 48 S. W. 496; Central, etc., v. Henry, 47 S. W. 281; Breath v. Flowers, 43 Tex. Civ. App. 516, 95 S. W. 26; Mitchell v. Robinson, 162 S. W. 443; Cage v. Perry, 38 S. W. 543; Jackson v. Bradshaw, 28 Tex. Civ. App. 394, 67 S. W. 438; Adams v. Bartell, 46 Tex. Civ. App. 349, 102 S. W. 782.

5. From what has been said, it follows that the court did not err in finding against Nunez upon his plea of limitation, and in favor of McElroy for title and possession.

Affirmed.