KIRBY et al. v. HOUSTON OIL CO. OF TEXAS et al.

No. 4402.

Court of Civil Appeals of Texas. Beaumont.

Jan. 9, 1947.

Rehearing Denied Feb. 12, 1947.

E. E. Easterling, of Beaumont, and Bryan F. Williams, of Galveston, for appellants.

Blades, Chiles, Moore & Kennerly, of Houston (B. F. Whitworth, of Houston, of counsel), for appellees.

COE, Chief Justice.

This action was brought in the district court of Hardin County, Texas, by appellants, Mary Wall Kirby, a widow, Wier Kirby, Hallie May Wilcut and husband, Warren E. Wilcut, Hattie Bell Harlee and husband, Raymond James Harlee, against the appellees, Houston Oil Company of Texas and American Republic Corporation, in the form of trespass to try title to recover the title and possession of the mineral estate in a 19 acre tract of land in the George W. Brooks league in Hardin county and for damages arising from the extraction by the appellees of oil from the tract of land involved. The appellees in addition to joining issue with the appellants as to the title, asserted title in themselves in a cross action against the appellants. The issue as to damages to appellants and the issue on the plea by the appellees as to improvements by them on the land in good faith was severed by the trial court and the cause proceeded to trial before a jury on the issue of title to the land involved.

At the close of all the evidence the court, upon motion of appellees, instructed a verdict in their favor and rendered judgment that appellants take nothing and that appellees recover on their cross action.

Appellants specially pleaded that W. S. Frazier and wife, L. J. Frazier, had acquired title to the 19 acres of land here involved by adverse possession under the 10 year statute of limitation prior to August 2, 1904, alleging that the 19 acre tract was a part of a 160 acre tract upon which W. S. Frazier and wife had continuously occupied and had maintained a homestead thereon for more than 19 consecutive years prior to August 2, 1904, and had thereby matured title to said 160 acres as their homestead under the 10 years statute of limitation; that after having matured such title by limitation that they continued to use and occupy such land as their homestead and never at any time abandoned same or in any wise interrupted the use thereof as their homestead prior to August 2, 1904, on which date they conveyed therefrom the 19 acre tract here involved to H. S. Kirby. They also alleged that H. S. Kirby married Mary Wall Kirby, one of

the appellants herein, in the year 1897 and remained her husband until his death in the year 1933; that H. S. Kirby died intestate leaving as his only heirs the appellants, Hallie May Wilcut, who married Warren E. Wilcut, Hallie Bell Harlee who married Raymond James Harlee, and Wier Kirby. As to the title to the land involved, appellees answered by general denial and pleas of not guilty and the 3, 5, 10 and 25 years statutes of limitation, and by way of cross action, in addition to the usual allegation of trespass to try title, plead the same statutes of limitation in support of their title. To support their allegations that W. S. Frazier and wife, L. J. Frazier, had acquired title to 160 acres of land out of the George W. Brooks league, of which the 19 acres involved is a part, by adverse possession under the 10 years statute of limitations prior to August 2, 1904, on which date W. S. Frazier and wife, L. J. Frazier, conveyed by general warranty deed the 19 acre tract here involved to H. S. Kirby, they offered the evidence of three witnesses to the effect that W. S. Frazier and wife moved upon the Brooks league in 1873 or the first part of 1874, and continued to live at such location until his death in 1912 or 1914; that in 1884 W. S. Frazier had a surveyor to survey and mark out 160 acres of land, including his improvements, a part of said 160 acres being north of Black creek and the remainder south of Black creek; that the 19 acre tract here involved is a part of said 160 acre tract and lies north of Black creek. The evidence further shows that Frazier's house, field, pasture and improvements were at all times south of Black creek; that Frazier never lived north of Black creek, never cultivated, pastured or enclosed any land north of said creek; that during the time Frazier lived upon said land that he claimed 160 acres; that following his death his widow, Mrs. L. J. Frazier, continued to live upon the old place for 8 or 10 years. Appellants also offered in evidence the deed above referred to from W. S. Frazier and wife, L. J. Frazier, conveying to H. S. Kirby the 19 acre tract here involved, said deed being dated August 2, 1904, with proof of heirship showing the appellants had succeeded to such title as was conveyed to H. S. Kirby by said deed. Appellees offered in evidence the following chain of title:

(1) Grant from the Government of Coahuila and Texas to George W. Brooks dated August 22, 1835, granting 4428 acres or a League of land, commonly known and referred to as the George W. Brooks League.

(2) Deed from George W. Brooks to Edwin O. Legrand dated February 24, 1841, conveying the entire Brooks League.

(3) Deed from Edwin O. Legrand to Mary E. Frazer and husband William Frazer dated February 7, 1852, and conveying the entire Brooks League.

(4) Deed from Mary E. Frazer and husband William B. Frazer to Thomas J. Word dated November 6, 1858, and conveying the entire Brooks League.

(5) Deed from Thomas J. Word to John J. Word dated August 17, 1870, and conveying the entire Brooks League except 160 acres out of the Northwestern part referred to as the Cryer Place.

(6) Deed from John J. Word and wife to John P. Irvin dated July 20, 1881, filed for record November 30, 1881, and conveying an undivided one-half interest in the entire Brooks League except 160 acres referred to as the Cryer Place.

(7) Deed from John J. Word to R. B. Campbell dated February 24, 1871, filed for record December 11, 1871, and conveying an undivided one-half interest in the entire Brooks League except 160 acres referred to as the Cryer Place.

(8) Deed from R. B. Campbell and wife Louisa P. Campbell to Louise Parmley Campbell (born Louise Parmley Word) dated December 4, 1873, filed for record January 13, 1874, and conveying an undivided one-half interest in the entire Brooks League except 160 acres referred to as the Cryer Place.

(9) Guardianship Proceedings in the Estate of Louise Parmley Campbell Word, being the same person as Louise Parmley Campbell, authorizing the sale by T. J. Word, Guardian, to John P. Irvin of the undivided one-half interest in the Brooks League owned by Louise Parmley Campbell.

248

(10) Deed from T. J. Word, Guardian, to John P. Irvin dated December 2, 1881, filed for record May 20, 1882, and conveying an undivided one-half interest in the Brooks League, the deed further reciting that the deed was intended to convey the interest owned by Louise Parmley Campbell Word, a minor.

(11) Deed from John P. Irvin and wife to Edward A. Irvin dated May 5, 1882, filed for record March 2, 1883, recorded in Book K, page 249 of the Deed Records of Hardin County, and conveying 4,268 acres of the Brooks League, recited by the deed to be the same land sold and conveyed to John P. Irvin by the heirs of T. J. Word by deeds dated July 20, 1881, and December 2, 1881.

(12) Acknowledgment of Tenancy by Calvin Gore to E. A. Irvin dated October 23, 1883, filed for record October 24, 1883, and covering the Brooks League.

(13) Acknowledgment of Tenancy by H. W. Bush to E. A. Irvin dated October 24, 1883, filed for record October 24, 1883, and covering the Brooks League.

(14) Acknowledgment of Tenancy by S. A. J. Hare to E. A. Irvin dated October 23, 1883, filed for record October 24, 1883, and covering the Brooks League.

(15) Deed from Edward A. Irvin to John P. Irvin dated December 26, 1889, filed for record December 31, 1889, and conveying the same lands conveyed by John P. Irvin and wife to E. A. Irvin by deed dated May 11, 1882, and recorded in Book K, page 249 of the Deed Records of Hardin County, which includes, among other lands, the entire Brooks League except the 160 acres referred to as the Cryer Place.

(16) Acknowledgment of Tenancy by S. A. J. Hare to John P. Irvin, dated July 7, 1890, filed for record July 10, 1890, and covering the Brooks League.

(17) Declaration of Trust by Clarendon Harris, et al., dated October 23, 1889, filed for record December 26, 1891, which instrument creates a Trust Estate known as Texas Pine Land Association.

(18) Deed from John P. Irvin to Clarendon Harris, et al., as Trustee of Texas Pine Land Association, dated December 11, 1891, filed for record April 14, 1892, and conveying 4,268 acres of land, a part of the George W. Brooks League.

(19) Record of Election of Trustees of Texas Pine Land Association dated June 29, 1898, by which it is shown that Thomas L. Nelson, Francis Peabody, Jr., and Noah W. Jordan are Trustees for said Association.

(20) Original Petition of Plaintiff in Cause No. 570 in the District Court of Hardin County styled W. S. Frazier v. Texas Pine Land Association, said petition alleging a suit in trespass to try title for 160 acres of the Brooks League including the residence and improvements of W. S. Frazier and specially pleading title by virtue of the ten-year statute of limitation.

(21) Judgment of the District Court of Hardin County, Texas, in Cause No. 570, styled W. S. Frazier v. Texas Pine Land Association, et al., dated September 26, 1899. By this judgment W. S. Frazier took nothing as to the land sued for by him and on a cross action Texas Pine Land Association and its Trustees recovered as against Frazier the title to and possession of the entire Brooks League and particularly the 160 acres described in Plaintiff's Petition in the case.

(22) Deed from Francis Peabody, Jr., Thomas L. Nelson and Noah W. Jordan, Trustees of Texas Pine Land Association, to Houston Oil Company of Texas dated July 31, 1901, filed for record August 17, 1901, and conveying 4,078 acres of land out of the George W. Brooks League, reciting that the deed conveyed all the land owned by the grantor in said Survey.

(23) Deed from Houston Oil Company of Texas to W. S. Frazier dated June 9, 1902, filed for record June 29, 1903, recorded in Volume 21, page 75 of the Deed Records of Hardin County, Texas, and conveying 80 acres of land out of the Brooks League but reserving the oil and minerals upon or under the land. The 19 acres involved herein is a part of the 80 acres of land conveyed by this deed.

(24) Excerpt from Register of Instruments of Hardin County showing that W. S. Frazier filed the above deed for record.

In support of appellees' plea of limitation they called the witness Charlie Hare, who

testified that he was a son of S. A. J. Hare, that his mother was a sister of W. S. Frazier, and that he was born in 1870 at a place on the east end of the Brooks league; that shortly thereafter his father moved to Tyler county but moved back to where witness was born on the Brooks league in 1873, and lived there continuously until 1888 at which time he moved to another location on the Brooks league and continued to live there until 1897, with the exception of one or two years when he lived on the Nelson league, during which time he had a tenant on his home place on the Brooks league; that his father, S. A. J. Hare, made a crop on the Brooks league each and every year from 1873 until 1897, and acknowledged himself to be the tenant of E. A. Irvin while he was on the Brooks league. There was other testimony going to support the testimony of Charlie Hare as to the use and occupancy of the Brooks league by S. A. J. Hare.

For the purpose of showing outstanding title and that those under whom appellees claimed were not the true owners of the Brooks league at the time of the execution by S. A. J. Hare and others of the acknowledgments of tenancy offered in evidence and during the time of their occupancy of said league, the appellants offered in evidence a senior title originating from the original grantee, George W. Brooks, as follows: Power of attorney from George W. Brooks to Arthur Henry, dated 3rd day of February, 1836; the appointment of Thomas Sloo, Jr. substitute attorney; deed from Thomas Sloo, Jr., attorney in fact, to James William Byrne, of date April 12, 1839, conveying to said Byrne the Brooks league of land; deed from James William Byrne to Stephen Butler and Thomas Benedict, of date March 18, 1847, conveying said league of land. Appellees then offered in evidence the judgment in cause No. 1827, styled Niles v. Houston Oil Company of Texas, et al., dated 2nd day of February, 1925, together with the mandate of the Court of Civil Appeals and the opinion of said court in that cause which is reported in 288 S.W. 614; excerpts from statement of facts showing that the title there asserted by intervenors Niles, et al., was the title originating in the deed from Brooks to Byrne. The effect of said judgment was to divest out of the plaintiffs, Niles, et al., and vest in the defendants, Houston Oil Company of Texas, et al., the title originating from the deed of George W. Brooks by attorney to James William Byrne, the Court of Civil Appeals holding that the defendants, Houston Oil Company, et al., had perfected title by limitation to the Brooks league as against the plaintiffs, Niles, et al., and had acquired a title as innocent purchasers as against the title asserted by Niles, et al.

Appellants contend that W. S. Frazier and wife matured title by limitation to a 160 acre tract out of the Brooks league, which they occupied as their home prior to August 2, 1904; that the deed from W. S. Frazier and wife to H. S. Kirby, dated August 2, 1904, conveying 19 acres out of said 160 acre tract without any reservations, conveyed to H. S. Kirby the fee simple title; that the possession of Hare and others as tenants of E. A. Irvin of portions of the Brooks league, none of which conflicted with the 160 acres occupied and claimed by Frazier, did not have the effect of limiting the possession of Frazier to the land actually enclosed for the reason it was not shown that E. A. Irvin was the true owner of said league of land at the time such tenants were in possession of portions thereof. Therefore, the said Frazier at all times had constructive possession of the entire 160 acres which was surveyed and claimed by said Frazier and wife.

Appellants further contend that the judgment in Cause No. 570, styled W. S. Frazier v. Texas Pine Land Association, which was a suit instituted W. S. Frazier, without joining his wife, in which he sought to recover the title and possession of a 160 acre tract, covering his improvements, in the Brooks league from the Texas Pine Land Association, in which cause the district court of Hardin county, on September 26, 1899, entered its judgment decreeing that W. S. Frazier take nothing and that the defendant, Texas Pine Land Association recover of and from him the title and possession of the 160 acres sued for, as well as the entire Brooks league, is not binding on the appellants and did not have

the effect of divesting title out of W. S. Frazier and his wife, L. J. Frazier, to the 160 acres occupied by them as their homestead for the reason that Mrs. L. J. Frazier, wife of W. S. Frazier, was not a party to that suit; that since the 160 acres of land involved constituted the homestead of said Frazier and wife the judgment was a nullity in so far as it undertook to effect the title to the 160 acres.

The deed of date June 6, 1903, from Houston Oil Company of Texas to W. S. Frazier, above referred to, conveyed to W. S. Frazier 80 acres out of the Brooks league, of which the 19 acre tract involved is a part, that deed reserved to the grantor therein the merchantable timber standing on and the oil and minerals upon or under the land conveyed. This deed was accepted by W. S. Frazier and filed by him for record in the deed records of Hardin county. Said 80 acres is shown to cover the improvements which W. S. Frazier occupied as his home on the Brooks league. As to this deed, the appellants contend that the deed was not effective to sever from the surface estate and in any wise reserve and invest in the grantor therein the mineral estate because the tract covered by the conveyance was already owned by Frazier and wife as their homestead, and title thereto could not be divested by the deed to which the wife was not a party. In this connection, the record reflects that in the deed from W. S. Frazier and wife to H. S. Kirby, under whom appellants claim, described the 19 acre tract involved by metes and bounds and as being off of the north end of the 80 acre tract "sold to us by Houston Oil Company of Texas by deed dated on the 9th day of June, 1903, and recorded in clerk's office of Hardin county, Texas, in Vol. 21, pages 75, 76, 77." It is the contention of the appellants that the reference in the deed from Frazier and wife to Kirby to the deed from Houston Oil Company of Texas to Frazier was merely for the purpose of describing the tract of land conveyed to Kirby and that since the deed from Frazier and wife to Kirby was a general warranty deed, with no reservation, that Kirby took all the title which the grantors then had to both the surface and the mineral estate. Appellants present other points which we do not set out as they could not effect the disposition of this appeal.

Appellees counter with the proposition that the undisputed evidence shows that W. S. Frazier and wife, L. J. Frazier, through whom appellants claim, never had actual possession of the 19 acres of land in controversy and the undisputed evidence showing further that the record owners of said land through whom appellees claim had constructive possession thereof during such portion of the alleged Frazier limitation period as to prevent 10 years continuous constructive adverse possession of the land by the Fraziers, that no issue was raised to be submitted to the jury, therefore the trial court properly instructed a verdict for appellees. They further contend that the judgment rendered and entered in Hardin county on September 26, 1899, in cause 570, styled W. S. Frazier v. Texas Pine Land Association, et al., divested W. S. Frazier and wife of any title they might have then had to the 19 acres of land here involved, and vested said title in Texas Pine Land Association and its trustees, and appellants failing to show that any title to the mineral estate here involved vested in the Fraziers through whom appellants claim subsequent to the date of such judgment, appellants failed to establish title to the mineral estate here involved and, therefore, an instructed verdict against them was proper. They further contend that W. S. Frazier and wife, L. J. Frazier, by reference in their deed to H. S. Kirby, on August 2, 1904, to the deed from Houston Oil Company of Texas to W. S. Frazier, conveying the land but reserving the mineral estate, thereby adopted, confirmed and ratified the last mentioned deed and thereby vested title to the mineral estate here involved in the Houston Oil Company of Texas in so far as said Fraziers, and the appellants who claimed through them, are concerned and, therefore, the trial court properly instructed the jury to return a verdict in favor of appellees. They make the further contention that since this suit was filed on September 28, 1944, and the undisputed evidence showing that appellees have been producing oil from the land in controversy since Feb-

ruary 26, 1940, and the undisputed evidence further showing that appellees have the record title to such land, appellees have title to the mineral estate here involved by virtue of the 3 years statute of limitations.

The view we take of the effect that must be given to the judgment in Cause 570, styled W. S. Frazier v. Texas Pine Land Association, renders it unnecessary for us to pass upon any other point presented. In our judgment, the rule is settled in this state that the wife is not a necessary party to an action by or against the husband to try the title to their community homestead unless the plea of homestead would in itself be a basis of recovery or a defense to the suit. 22 Tex.Jur. 32, Sec. 17; Jergens v. Schiele, 61 Tex. 255; Cooley v. Miller, et al., Tex.Com.App.—opinion adopted, 228 S.W. 1085; Brown et al. v. Humphrey et al., 43 Tex.Civ.App. 23, 95 S.W. 23; Breath et al. v. Flowers et al., 43 Tex.Civ.App. 516, 95 S.W. 26; Brown et al. v. Foster Lumber Co., Tex. Civ.App., 178 S.W. 787; City of San Antonio v. Berry, 92 Tex. 319, 48 S.W. 496; Starr et ux. v. Schoellkopf Co., 131 Tex. 263, 113 S.W.2d 1227; Hall v. Aloca Oil Co. et al., Tex.Civ.App., 164 S.W.2d 861; Mitchell et al. v. Robinson et al., Tex.Civ. App., 162 S.W. 443; Childress v. Robinson et al., Tex.Civ.App., 161 S.W. 78. The rule is announced in Cooley v. Miller et al., Tex.Com.App., 228 S.W. 1085, 1086, as follows: "In determining whether the wife's homestead, interest alone renders her a necessary party to an action affecting property impressed with the homestead exemption, the test laid down by our Supreme Court is whether the plea of homestead would in itself be a defense to the suit." Appellants have cited many cases in support of their contention that Mrs. L. J. Frazier was a necessary party to the suit in question in order for the judgment to have any validity, including the case of Mexia et al. v. Lewis et al., 3 Tex.Civ. App. 113, 21 S.W. 1016, which seems to directly support the contentions here made by them. This case was decided by the Galveston Court of Civil Appeals in 1893, and while that court never specifically overruled the principles therein announced, they have in several cases seemed to ignore the principles therein announced and adopted the opposite rule. The Galveston court refused to follow the rule announced in Mexia v. Lewis in the following cases decided by that court subsequent to the decision in that case. Brown et al. v. Humphrey et al., 43 Tex.Civ.App. 23, 95 S.W. 23; Breath et al. v. Flowers et al., 43 Tex.Civ.App. 516, 95 S.W. 26; Brown et al. v. Foster Lumber Co., Tex.Civ.App., 178 S.W. 787; Mitchell v. Robinson et al., Tex.Civ.App., 162 S.W. 443; Childress v. Robinson et al., Tex.Civ.App., 161 S.W. 78. We will not undertake to distinguish the many cases cited by appellants except the case of Behrens et al. v. Behrens et al., Tex. Civ.App., 186 S.W.2d 697, wherein it was held that a judgment agreed to by the husband could not divest the wife of her homestead, she not being a party to suit. We feel that the court was controlled in its decision by the fact that the judgment there entered was one by agreement as distinguished from the judgment entered by the court upon the evidence because of the rule that an agreed or consent judgment is a contract between the parties to the suit and subject to application of the rules relating to contracts, and the further rule that one who is not a party to the agreement upon which a consent or agreed judgment is based is not bound thereby. For these reasons we do not feel that the decision in this case is authority for the contentions here made by appellants. From the authorities above cited, we are convinced that appellants' contention that the judgment in the case of Frazier v. Texas Pine Land Association did not have the effect of divesting title out of W. S. Frazier and wife has been foreclosed against them. Being of the opinion that said judgment divested such title as W. S. Frazier and wife might have had to the 19 acres here involved, and no contention being made that any title has been acquired by appellants to said 19 acre tract other than that of W. S. Frazier and wife since the date of said judgment, it follows that the trial court was fully authorized to instruct a verdict against the appellants. Should there be error presented by the other points presented by appellants, they would necessarily be harmless error as appellants

showed no title to the mineral estate sued for and a take nothing judgment would be as effective and preclusive against appellants as the judgment entered by the court. For the foregoing reasons, each of appellants' points are overruled and the judgment of the trial court is affirmed.