### BOOTHE v. BLANCHETTE et al.
### No. 4478.

Court of Civil Appeals of Texas. Beaumont.
Dec. 31, 1947.

Rehearing Denied Feb. 4, 1948.

Gaston Wilder and Marcus & Weller, all of Beaumont, for appellant.

O'Fiel & O'Fiel, of Beaumont, for appellees.

COE, Chief Justice.

This is a suit in trespass to try title filed by Belle Blanchette, who died pending trial, and prosecuted by Travis J. Merritt as Independent Executor of the Estate of Belle Blanchette against Margaret E. Boothe, a feme sole.

The property for which suit was brought was described in appellees' amended petition as the premises and improvements situated at 1408 Orange Street, and more particularly described as lot 1 and lot 2 of the Blanchette Second Addition to the City of Beaumont. Appellant filed a plea of not guilty and plead special defenses as well as a cross action for lots 1, 2 and 3 in Block 14 of the Blanchette Second Addition to Beaumont, Texas. Trial was had to a jury. Before the close of appellees' evidence the trial court granted appellees' motion for judgment and rendered judgment for appellees for title and possession to lots 1, 2 and 3 in Block 14 of the Blanchette Second Addition to the City of Beaumont, Jefferson County, Texas, and decreed that appellant take nothing on her cross action. Appellees also alleged that appellant, Margaret E. Boothe, was claiming or attempting to claim the property in controversy under and by virtue of a certain instrument in writing which was set out in his petition. He further alleged that said instrument was a forgery; that said agreement was executory in nature and no consideration was ever paid by appellant; that if the instrument was ever executed it had been abandoned or the same was rescinded by mutal consent; that same was barred by the four year statute of limitation. Appellant, Margaret E. Boothe, filed subject to her plea of not guilty and a general denial, an answer alleging that on or about the 2nd day of November, 1935, Mrs. Belle Blanchette, a feme sole, and C. S. Boothe, now deceased, and wife, Margaret E. Boothe, executed the following agreement and instrument in writing with reference to lots 1, 2 and 3 of Block 14, of the Blanchette Second Addition to the City of Beaumont, Jefferson County, Texas, on which is located the improvements known as 1408 Orange Street:

"This shall constitute an agreement between the undersigned parties concerning option to buy and or rent the home situated on 1408 Orange St.—Beaumont, Texas.

"Acknowledgment is hereby made of receipt of $2,000.00 (two thousand dollars) cash in hand, to be applied as down payment on said place until the expiration of two years from date at which time three dis-interested parties shall be chosen to appraise same. After two years, rent shall

be paid to cover taxes approx. $25.00 per month until purchase is made by Mr. and Mrs. Boothe.

"Said parties agree to take care of the premises, cut no large trees and to remain on this place so long as they live in Beaumont. All money paid to Mrs. Belle Blanchette to be applied on purchase price.

"This agreement shall be binding on all parties undersigned.

"Mrs. Belle Blanchette
"C. S. Boothe
"Mrs. C. S. Boothe

"Dated October 28, 1935
"Beaumont, Texas"

That said agreement was in fact executed by all parties on November 2, 1935 and was delivered by Mrs. Belle Blanchette to C. S. Boothe and wife, Margaret E. Boothe, and upon delivery of same C. S. Boothe and Margaret E. Boothe paid to Mrs. Belle Blanchette the sum of $2,000.00 in cash, went into possession of said premises pursuant to said agreement, made further payments under the terms of said agreement as thereafter alleged; made repairs and improvements to said premises and fully and completely performed their part of the agreement; that the property described as a home of Mrs. Belle Blanchette, situated on 1408 Orange Street, is located on lots 1, 2 and 3 in Block 14 of the Blanchette Second Addition to the City of Beaumont, and also known as the Blanchette home place, and was the property referred to in said contract dated October 28, 1935.

Appellant further alleged that during the month of November, 1937, Mrs. Belle Blanchette, now deceased, and C. S. Boothe, now deceased, and appellant orally agreed that the purchase price for said property should be the sum of $7,500.00; that C. S. Boothe and wife exercised their option to purchase and thereafter continued to make payments on account of said purchase price. Appellant also alleged the payment of $2,000.00 cash, and payment of the sum of $25.00 per month beginning in November, 1935 through the year 1938, and for the year 1939 through 1946 the sum of $30.00 per month, making total monthly payments of $3,830.00, aggregating a total of $5,830.-00 alleged to have been paid on the purchase price of said property. She further alleged that the amount paid for taxes for years 1936 through 1946 should be credited and the balance should be applied on the account of the purchase price. She also alleged that since November 2, 1935, and relying on agreement of 1935 and the purchase price agreement made in October, 1937, she made valuable and permanent improvements and repairs on said property of a reasonable value of $757.79. The three concluding paragraphs of appellant's answer are as follows:

"Defendant herein admits that the said Belle Blanchette, deceased, was the owner of lots One (1), Two (2) and Three (3) in Block 14 of the Blanchette Second Addition to the City of Beaumont, the premises and improvements hereinbefore described, but, she says that under and by virtue of the foregoing facts that she has a contract to purchase said property which was and is still in full force and effect and the price of Seven Thousand and Five Hundred ($7,-500.00) Dollars having been agreed upon, she, having taken possession pursuant to the terms of said contract hereinbefore alleged and having made repairs and valuable and permanent improvements thereto, is entitled to have the sum of said payments, less the amounts necessary to discharge taxes, applied as credit on said purchase price. This defendant says that unless the Court enforces her said contract that such failure will result in the perpetration of a fraud upon her and a possible loss of the payments hereinbefore made. Defendant says that she is here and now willing to do equity and to pay the sum which the Court may find to be due and payable under and by virtue of the terms of said contract."

"In the alternative, this defendant says that in the event the Court refuses to grant performance of and enforce said contract of purchase, that she is entitled to a refund of the down payment of Two Thousand ($2,000.00) Dollars and she here and now requests such relief.

"Wherefore, Defendant prays that plaintiff take nothing or in the alternative, that the defendant's rights in and to said property be established, that the exact amount

due on said contract be ascertained and any recovery of title be subject to the contract of sale in favor of heirs of C. S. Booth and Margaret E. Booth and that a conveyance of title be required upon the payment of the amount so ascertained. Defendant prays for such other and further relief either at law or in equity and for costs of suit."

Appellant's cross action alleged substantially the same facts as were alleged in her answer; that is, that she had a contract to purchase said property and the price of $7,500.00 was agreed upon; that she took possession pursuant to the terms of the contract, made permanent and valuable improvements, that unless the Court enforces said contract such failure will result in perpetration of a fraud upon her and a possible loss of payments hereinbefore made; that she is willing to do equity and to pay the sum which the court finds to be due and payable, and in the alternative she plead:

"In the alternative, if the court should determine that cross-plaintiff is not entitled to specific performance of said contract of purchase, then in that event and only in that event, cross-plaintiff says that she is entitled to have and recover the sum of Two Thousand ($2,000.00) Dollars which was paid to the said Belle Blanchette during her lifetime for and on account of said purchase price. That said contract of purchase was not repudiated or attempted to be repudiated until on or about the 2nd day of May, 1946, and the said Margaret E. Boothe had no notice of any attempted repudiation of said contract until that date.

"Wherefore, Premises considered, cross-plaintiff prays that her rights in and to said property under said contract, be established and the amount due thereunder be ascertained; that specific performance of said contract be decreed and delivery of deed be made upon payment within 60 days from date of judgment of the sum as ascertained.

"In the alternative, cross-plaintiff prays that she have and recover judgment from the cross-defendant in the sum of Two Thousand ($2,000.00) Dollars, with interest thereon at the rate of six (6%) per cent per annum from October 28, 1935.

"Cross-plaintiff prays for such other and further relief to which she may be entitled, either at law or in equity and for costs of suit."

Appellees did not file a supplemental petition, save a plea of forgery to the alleged written agreement, nor did they file an answer to appellant's cross action. Neither were there any exceptions made to appellant's answer or cross action, and nowhere was the Statute of Frauds, Vernon's Ann. Civ. St. art. 3995, plead as a defense. In addition to the testimony of one witness, the appellees offered as evidence of title a portion of paragraph 7 of appellant's answer as follows: "Defendant herein admits that the said Belle Blanchette, deceased, was the owner of lots 1, 2 and 3 in Block 14 of the Blanchette Second Addition to the City of Beaumont" whereupon appellant offered the rest of such sentence which reads: "but she says that under and by virtue of the foregoing facts that she had a contract to purchase said property, etc. * * *". At this juncture appellees filed a motion for judgment which was granted by the court.

Appellant predicates her appeal on seven points. By the first point she contends the court erred in rendering judgment in favor of appellee, Travis J. Merritt as Independent Executor of the Estate of Belle Blanchette, deceased, for the title to and possession of lots 1, 2 and 3 of Block 14 of the Blanchette Second Addition for the reason that there is no evidence in the record to show title in said appellee. Under this point they contend there was no evidence to show that Belle Blanchette left a will, that the will was probated, that Travis J. Merritt was appointed Independent Executor. We are unable to agree with those contentions predicated on the failure of the evidence to show that Travis J. Merritt was the executor of the will of Belle Blanchette, deceased. Appellees made all necessary allegations going to show that Belle Blanchette was deceased, that she left a will which had been probated and that Travis J. Merritt was appointed to act as executor under such will. Appellant in no way by exception or sworn denial attacked the capacity of Travis J. Merritt, appellee,

or his authority to sue in the capacity alleged. It seems to be well settled that unless the opposing party puts in issue appellees' right to prosecute suit by plea in abatement, their failure so to do thereby admits that the original plaintiff was dead and that the substituted plaintiff was duly authorized to act in the capacity in which he prosecuted the suit. Barton et al. v. Davidson, Tex.Civ.App., 45 S.W. 400; Rule 93, Texas Rules of Civil Procedure, Sub-Sec. b, and Sub-Section c.

█ In addition to the foregoing the appellant sought recovery of the property involved against Travis J. Merritt as Independent Executor of the Estate of Belle Blanchette, deceased, thereby admitting that he was such executor. Appellant also calls attention to the fact that the admission of title in Belle Blanchette, which was offered in evidence by appellees, was contained in their answer which was filed subject to their general denial and plea of not guilty. Had this objection been made to the trial court he no doubt would have sustained same. A defendant is permitted to file inconsistent defenses and an allegation in a special defense filed subject to a general denial or a plea of not guilty in a trespass to try title suit is not admissible in evidence as an admission against interest. 13 Tex.Jur., Sec. 189 and cases there cited. However, we find a similar allegation in appellant's cross action which we feel that the court was duly authorized to consider.

█ By appellant's second point she contends that the property awarded to appellees was not the property sued for in that appellees were awarded title and possession to lots 1, 2 and 3 in Block 14 of the Blanchette Second Addition to the City of Beaumont, Texas, while in his pleadings he only sued for the premises and improvements situated at 1408 Orange Street and more particularly described as lots 1 and 2 of the Blanchette Second Addition to the City of Beaumont. We believe this to be error, but inasmuch as appellant, in her cross action, was suing for the identical property awarded the appellees such error would become harmless provided the court was correct in entering a judgment that she take nothing on her cross action, as the effect of the two judgments would be the same. See Kirby et al. v. Houston Oil Co. of Texas et al., Tex.Civ.App., 200 S.W.2d 246; McKee v. West, 55 Tex.Civ.App. 460, 118 S.W. page 1135.

█ By appellant's third point she contends that the trial court erred in rendering judgment for the appellees for the reason that the appellees did not plead the Statute of Frauds to the appellant's defense and cause of action and therefore should not avail themselves of such statute even though it might be applicable to the facts here presented. The record in this connection, to say the least, is unusual. As stated before, there were no exceptions made to appellant's answer or cross action wherein she alleged a purchase of the property involved under a contract evidenced partly in writing and partly in parol. We are of the opinion that appellant alleged an enforcible contract unless it be said that the allegations with reference to how and when the balance of the purchase price after the payment of the original $2,000.00 was to be paid. This defect was not raised by exceptions or otherwise and we feel that the allegations were sufficient to have permitted evidence with reference to such matters, unless an objection had been made thereto, in which event the trial court would have been fully authorized and doubtless would have permitted appellant to file a trial amendment. All the other elements of a parol sale of real estate were sufficiently alleged and we can conceive of no reason why the fact that such agreement was partly in writing and partly in parol should render such an agreement any more unenforcible than a contract for the sale of real estate resting entirely upon a parol agreement. The question of whether such contract was in truth and fact made or whether same had been abandoned and all such issues as were raised by the pleadings are for the jury to pass on.

What we have said with reference to appellant's third point also applies to the contentions raised in points Nos. 4 and 5 to the effect that her answer presented a good defense, and that her cross action stated

a cause of action and, therefore, the trial court erred in entering a judgment on the pleadings.

We also sustain appellant's sixth point which is as follows: "Appellant, as cross-plaintiff, having alleged that she paid the down payment of $2,000.00 on account of the purchase price on November 2, 1935; that she made monthly payments thereafter through December 31, 1946; and that said contract of purchase was not repudiated or attempted to be repudiated until on or about the 2nd day of May, 1946, and appellant had no notice of any attempted repudiation until after said date; said allegations stated a cause of action for the recovery of said $2,000.00 which was not barred by either the two or four year statute of limitation, even if said contract was in violation of the Statute of Frauds, or unenforcible, and the trial court erred in granting motion of plaintiff and defendant in cross-action for judgment on the pleadings."

Appellees did not plead the Statute of Limitations as a bar to appellant's recovery of the $2,000.00 alleged to have been paid as a down payment on the purchase price of the property involved. Appellant also alleged in her cross action that the alleged contract of purchase was not repudiated by appellees or attempted to be repudiated until on or about the 2nd day of May, 1946, and that the appellant had no notice of any attempted repudiation of said contract until said date. In the event these allegations are true and as the record is here presented, we must presume that they are true, the appellant had no cause of action for the recovery of the alleged down payment of $2,000.00 before such date. Having no cause of action before such date, limitation would not begin to run until the cause of action arose. It seems to be reasonably well settled that in case of the breach by the vendor of an oral contract required by the Statute of Frauds to be in writing, the vendee may, if he is in no wise default, recover the amount paid on the contract and the vendor cannot set up the illegality of the contract in defense of an action to recover the money received by him. McDonald v. Whaley, Tex.Com.App., 244 S.W. 596; Brookesmith Realty Co. v. Graham, Tex.Civ.App., 258 S.W. 513, 516; 20 Tex.Jur., Sec. 93, page 302. The proper rule applicable to the allegations contained in the alternative plea in appellant's cross action is stated in Brookesmith Realty Co. v. Graham, supra, as follows: "If the agreement was made as alleged by Graham, and pursuant thereto he paid his money in good faith, he would be entitled in equity to recover it upon a proper accounting for the use of the premises, regardless of whether the agreement was void or only unenforceable."

We feel that justice will be better served if the judgment is reversed and the cause remanded, and the parties are given an opportunity to try their issues on their merits.

Accordingly, for the errors heretofore pointed out, the judgment of the trial court is reversed and the cause remanded.