## TREADWELL et al. v. WALKER COUNTY LUMBER CO.

(Court of Civil Appeals of Texas. Texarkana. Dec. 4, 1913.)

1. APPEAL AND ERROR (§ 1027*)—HARMLESS ERROR—ERRORS NOT AFFECTING RESULT.

Where, in trespass to try title against a husband and wife, who claimed the property as the wife's separate property, a judgment for plaintiff involved only a finding that the property was community property, the error, if any, in holding that when property comes to a wife, so as to make it her separate property, limitations will not run in her favor, was not prejudicial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4033; Dec. Dig. § 1027.*]

2. HUSBAND AND WIFE (§ 250*)—COMMUNITY PROPERTY—WHAT CONSTITUTES.

Where one entered on land as a naked trespasser, and occupied it for four or five years, and then without any conveyance gave the property to a married daughter, who, with

her husband, remained in possession long enough to establish title by adverse possession, the property was acquired after the daughter's marriage, and was community property.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 893; Dec. Dig. § 250.*]

3. JUDGMENT (§ 693*)—CONCLUSIVENESS—PARTIES CONCLUDED.

A judgment for plaintiff, in trespass to try title against a husband, is conclusive on the rights of the wife, where the property was community property.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1216; Dec. Dig. § 693.*]

Appeal from District Court, San Jacinto County; L. B. Hightower, Judge.

Action by the Walker County Lumber Company against Horace Treadwell and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Wm. McMurrey, of Cold Springs, for appellants. Dean, Humphrey & Powell, of Huntsville, for appellee.

LEVY, J. The action was brought by appellee against the appellants in trespass to try title to the land described in the petition. Appellants pleaded not guilty, and answered, claiming the land as the separate property of Polly Treadwell, wife of Horace Treadwell, and acquired by the ten-year statute of limitation. In a trial to the court judgment was entered for the appellee. In the trial of the case it was agreed that appellee had legal title to the land unless divested of the same by appellants' plea of limitation.

It appears from the evidence that in 1873 Polly Treadwell, then a woman of legal age and single, moved with her father and his family onto the land in suit. Her father built a house on the land, and lived in it with the family, cleared a field, and cultivated it, and made claim of ownership to all the land in suit. Polly Treadwell worked with her father in making the improvements on the place. The original entry on the land was as naked trespassers. The father lived on the land with his family between four and five years, then decided to move off and live on another place, and abandoned the place in suit. Before the father left the place Polly Treadwell was married on the place to Horace Treadwell, and has been his wife all the time since, and they together continued the same as before the time the father left to live on the land, and have since used, cultivated, and enjoyed it without being disturbed. According to the testimony of Horace Treawell, husband of Polly, he does not make any claim, and had never made any claim, of interest in the land or to it. The appellee's vendor sued Horace Treadwell in trespass to try title to the land, and on April 21, 1898, an interlocutory judgment by default was entered against Horace Treadwell for all the land, and a final judgment entered in the case in May, 1901. This final judgment is existing and not appealed from.

The present suit was filed by appellee against appellants August 25, 1910. The entire testimony of Polly Treadwell, in support of her claim of separate property, is as follows: "I got that land from my father. He moved off, and he gave it to me. He went back to the plantation. I was grown when my father commenced claiming that land. I helped to clear it. As near as I can get at it, my father stayed there on that place five years, and then went back to the plantation. If I make no mistake, it was four or five years. Then I just stayed there. I was married before my father left. I was married to Horace Treadwell, and have been his wife all the time. We have never been separated. Horace never claimed the land. He did not claim it. It was just my claim. My father never gave me any deed to it. He just turned me over the improvements and moved off."

[1] The first assignment of error reads: "The court erred in holding that when property comes to the wife in such a way as to make it her separate property that limitation will not run in her favor." The assignment, as we interpret it, merely presents the point that the court erred as a matter of law in ruling that the wife cannot avail herself of the statutes of limitation as to her separate property. As we understand the record before us, there is involved in the judgment of the court the findings only that the property in controversy was community property, if any title ever existed, of Horace and Polly Treadwell, and that the final judgment of 1901 against the husband divested all such title to the land and placed it in appellee's vendor, and that ten years' adverse possession on the part of appellants since that judgment had not elapsed before the instant suit. Therefore, in view of the record, it could not be said, we think, that the court held as a matter of law that the statute of limitation would not run in favor of separate property of the wife.

[2] But if the assignment by intendment presents the point that under the facts of this case the property was the separate property of the wife, even then we think the judgment of the court was correct, and the assignment should be overruled. It affirmatively appears that Polly Treadwell predicates the commencing of her right to the land as separate property at a time after her marriage with Horace Treadwell, if force be given to her statement, as the court was authorized to do, that she "got that land from my father." So the fact is established that Polly Treadwell's "claim," if any, to the land, commenced and arose during coverture. But in this connection it appears that she predicates no right under any conveyance from her father, and it further appears that the father had only adversely occupied

---

the land between four and five years, with entry thereon only as a naked trespasser, and that he was intending at the time to voluntarily abandon the premises and his adverse possession. Under such circumstances the father had no legal or equitable right in or claim to the land. And in the absence of a conveyance, which she says was not given her, there is no legal basis to enforce or predicate any distinct legal claim or equitable right under the father. It is quite well understood that a conveyance is necessary to pass interest in land to another; and in legal force and effect there is not founded, under the facts of this case, any ownership by gift or acquisition for value, such as to make the title separate property, upon the bare statement that her father "gave her the land." And if the contention could be made that her father gave to her such possession as he had in consideration of her former services in helping him clear the land, and that she entered the possession under such circumstances, and this would give Polly an equitable claim to the land in controversy as separate property, it must be said that the court was warranted in finding that such services were otherwise given, and that no such consideration entered the father's verbal declaration to the daughter; and in support of the court's judgment we must so hold.

[3] Consequently on the record it must be said, in support of the court's findings, as involved in the judgment, that any ownership or claim on the part of Polly Treadwell commenced after coverture, and rested in and was referable only to her adverse possession, commenced when her father abandoned his adverse possession to her, and for ten years thereafter during her coverture. The effect of the facts is to "acquire" the property after the expiration of the full ten-year period of limitation, and not before. And, as provided by statutes, if either the husband or wife "acquire" property after marriage, it is common to both. The status of the property was that of community property, as ruled by the court, because title to the property was not "acquired" under the statutes until the expiration of the full period of limitation. Sauvage v. Wauhop, 143 S. W. 259. And the conclusion of the court that the legal effect of the judgment in 1901 against the husband was to conclude the rights of the community was correct.

The judgment is affirmed.