## SCHOELLKOPF CO. v. STARR et ux.
### No. 10149.

Court of Civil Appeals of Texas. Galveston.

Nov. 27, 1935.

Rehearing Denied Jan. 9, 1936.

E. V. Swift, of Palestine, for appellant.

W. R. Petty, of Palestine, for appellees.

GRAVES, Justice.

This cause is a repercussion from a prior cause in the same court affecting the same land—that is, the Thomas Williams labor in Anderson county—being cause No.

10454 on the court's docket, styled G. H. Schoellkopf v. Paul Starr et al., judgment in which was rendered by that court on January 23, of 1920; in the present suit the appellant, as the successor in title to the plaintiff, G. H. Schoellkopf, in the former one, sued the appellees for the title and possession of the land, claiming under the prior judgment, which he had acquired subsequent thereto by regular deed and transfer, which the appellees answered by pleas challenging the validity of the former judgment on the ground that it did not dispose of all the parties or issues therein; further, that they had title under the five and ten-year statutes of limitation (Rev.St. 1925, arts, 5509, 5510); that they held a deed to the land from one L. W. Williams obtained subsequent to the rendition of the prior judgment; that the land was their homestead; that they had made valuable improvements thereon in good faith; and that they were not guilty of any acts or things appellant charged against them.

After hearing the pleadings and evidence of both sides, the learned trial court, sitting with a jury, withdrew the cause from it and entered judgment in favor of the appellees and to the effect that appellant take nothing by its suit, upon this conclusion as recited in the decree:

"And the court finds from the evidence that the defendants are entitled to an instructed verdict, because the judgment relied upon by the plaintiff and dated January 23rd, 1920, and rendered in cause No. 10,454, is a void judgment because same did not dispose of all of the parties defendant, and because said judgment is a judgment against Paul Starr and is not a judgment against his wife, Ioma Starr; and thereupon the court found against the plaintiff on its plea of res adjudicata and thereupon the court also found that the defendant Paul Starr and wife, Ioma Starr, were not estopped from pleading that said judgment in cause No. 10,454 was and is void."

As the copied excerpt from the judgment this time below shows the appellant, as before indicated, has not only sued as the owner of the land under the judgment therefor of the original plaintiff therein, but has repeatedly in the pleadings herein declared upon that original judgment through pleas of res adjudicata, thereby asserting the validity of the for-

mer judgment as having so passed the title to it as against both the appellees here.

Upon the appeal, this court concludes that this determination below was error, that the pleas of res adjudicata were good, and that the title to the land should accordingly have been adjudged to the appellant herein; all the proceedings in the original cause No. 10454 were in evidence this time and appear in the statement of facts; they indisputably show these facts: That the land was the same, the parties were the same, except plaintiff was the successor in title of the original plaintiff, G. H. Schoellkopf, and the appellee Mrs. Ioma Starr was not expressly named in the original judgment, although she and Paul Starr were then as now husband and wife; that they as such husband and wife appeared in and appealed the original cause to this court, giving a joint and several appeal bond therein, which recited that G. H. Schoellkopf had recovered the judgment against them both and conditioned that they would prosecute their appeal therein with effect, which cause was thereafter dismissed by this court because of their failure to properly prosecute their appeal therein; that the findings of fact and conclusions of law of the trial court in support of the former judgment—that is, in No. 10454—were as follows:

"Findings of Fact.

"At the request of defendants, the court makes the following additional findings, which I make, together in answer to requests Nos. 1, 2, 3, 4, and 5.

"At the date of the filing of this suit, up to and including the time of the trial, the superior title to the land was in plaintiff, G. H. Schoellkopf.

"Thomas Williams, who was entitled to the original certificate, departed this life sometime during the year 1837, and James Bradshaw administered on his estate; at a date when, under the Texas law, he could take any part of the estate in payment of the debts of the deceased. So, therefore, James Bradshaw claimed title to this land when, agreeable to nature, the heirs must have been living, and never have to this day disputed the title of James Bradshaw and his grantees to the certificate, or land patented thereunder, and in controversy in this suit.

"Plaintiff nor his grantors have never been in the actual possession of this land. The defendants are in actual possession.

Defendant, Paul Starr, according to his own testimony, learned of the 'break' in plaintiff's record title and took possession in 1914, with a view to keeping the land."

That no homestead right was pleaded or claimed by or for either of the appellees, nor any claim to separate ownership of the land on the part of the wife in such former cause, nor any right growing out of any improvements in good faith.

■ In the present trial on the facts—passing for the moment beyond the holding that the original judgment was res adjudicata and did determine adversely to both appellees all issues involved in the present case—the proof conclusively shows that neither the five nor ten-year limitation pleas of the appellees was ripened into any title, because they failed to make the consecutive payment of taxes required under the first, and admitted a fatal break in their claimed possession under the second.

■ In thus sustaining the plea of res adjudicata setting up the binding effect of the former judgment on all parties to the cause, extended discussion is deemed unnecessary, so is the determination of whether or not Mrs. Starr was in fact a party to that judgment, for the reason that —whether she was or not—under the undisputed record otherwise, no claim of homestead, improvements in good faith, or separate ownership of the land, having been presented therein—any right or title she may have had therein at that time was dependent upon that of the husband as head of the community, hence the judgment against him therein was not void as to her, but was a valid one—at least by implication—against her as well. Childress v. Robinson (Tex.Civ.App.) 161 S. W. 78, 79; Brown v. Humphrey, 43 Tex. Civ.App. 23, 95 .S.W. 23; Breath v. Flowers, 43 Tex.Civ.App. 516, 95 S.W. 26; Mitchell v. Robinson (Tex.Civ.App.) 162 S.W. 443; Treadwell v. Walker County Lumber Co. (Tex.Civ.App.) 161 S.W. 397; Speer's "Law of Marital Rights in Texas," § 522, p. 641; Whitmire v. Powell, 103 Tex. 232, 125 S.W. 889; Dallas Railway & Terminal Co. v. Sutherland (Tex.Civ.App.) 27 S.W.(2d) 830; Houston Electric Co. v. Potter (Tex.Civ.App.) 51. S.W.(2d) 754, 759; Southern Pacific Co. v. Ulmer (Tex. Civ.App.) 282 S.W. 305, 308; Southern Pacific Co. v. Ulmer (Tex.Com.App.) 286 S.W. 193.

The judgment of reversal and rendition in appellant's favor has been entered.

Reversed and rendered.