# APRIL, 1938

PAUL STARR ET UX. v. THE SCHOELLKOPF COMPANY.

No. 7059.   Decided March 9, 1938.
Rehearing overruled April 6, 1938.
(113 S. W., 2d Series, 1227.)

*W. R. Petty,* of Palestine, for plaintiff in error.

A judgment, in a suit against husband and wife, which fails

to dispose of all the issues in the case and fails to disclose the claim of the wife for improvements in good faith, is not a final and valid judgment, and is therefore void and insufficient to divest either party to said suit of title to the land. Quinn v. Dickinson, 146 S. W. 993; Oilmen's Reciprocal Assn. v. Coe, 6 S. W. (2d) 1046; Fulwiler v. Commercial Credit Co., 9 S. W. (2d) 754.

*E. V. Swift,* of Palestine, for defendant in error.

The plea of res adjudicata made by plaintiff should have been sustained by the court because the former judgment was a final, valid and binding judgment. Houston Elec. Co. v. Potter, 51 S. W. (2d) 759; Pfeifer v. Johnson, 70 S. W. (2d) 203; Whitmire v. Powell, 125 S. W. 889.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

On November 19, 1918, G. H. Schoellkopf filed suit in the District Court of Anderson County, Texas, against Paul Starr and wife, Mrs. Paul Starr. This suit was in the statutory form of trespass to try title to recover 177 acres of land patented to the heirs of Thomas Williams. Both Starr and wife answered. Their answers consisted of a general denial and plea of not guilty, of a plea of improvements in good faith, and of a very imperfect plea of claim of title under the ten years statute of limitation.

On January 23, 1920, judgment was entered in that case. The judgment shows the style of the case as G. H. Schoellkopf v. Paul Starr. It recites that plaintiff and defendant appeared and announced ready for trial, and that the court found in favor of plaintiff. It then proceeds to adjudge in favor of plaintiff Schoellkopf and against defendant Paul Starr title and possession of the land described in plaintiff's petition. It was further decreed that defendant Paul Starr take nothing on his plea for improvements in good faith. Mrs. Starr is nowhere mentioned in the judgment. This judgment became final, and writ of possession was issued under which both Starr and wife were dispossessed, and plaintiff Schoellkopf was placed in possession of the land.

On the 31st day of January, 1922, Paul Starr obtained a deed of conveyance from one L. W. Williams. It was not shown that Williams ever had any title to the land either as one of the original patentees or by inheritance or otherwise. Sometime after the date of this deed Starr and wife again took possession

of the land. G. H. Schoellkopf made a conveyance of the land to The Schoellkopf Company, and on November 21, 1933, that Company instituted the present suit against Starr and wife. The suit was in the nature of trespass to try title, but by supplemental pleading the question of res judicata by reason of the prior judgment of January 23, 1920, was brought into the cause. The trial court withdrew the case from the jury and rendered judgment in favor of defendants. It is recited in the judgment that the court found that the judgment of January 23, 1920, was void, because it was not a final judgment. This was predicated on the ground that it did not dispose of Mrs. Starr. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment in favor of the plaintiff. 88 S. W. (2d) 564.

**1-3** Only two questions are presented here. The first is as to the validity of the judgment of January 23, 1920. Was it a final judgment because it made no mention of Mrs. Starr? There is nothing to show that the entire record made in the first suit was offered in evidence in this case. We think it must be assumed in support of the trial court's judgment in the prior suit that there had been some previous order or action of the court disposing of the defendant Mrs. Starr. However, in our judgment it is not necessary to rest the question upon that assumption. The action of the court in rendering judgment for the plaintiff necessarily rested upon a finding that he held the superior title to the land. The pleading was in the usual form of trespass to try title and plaintiff could not have recovered without showing title from the sovereignty of the soil. The defendants in that action did not plead homestead, or that the land sued for was the separate property of the wife. They only pleaded improvements in good faith and title under the ten years statute of limitation. In asserting these claims Mrs. Starr was not a necessary party. It is well settled that in actions involving community property the wife is not a necessary party, and judgment against the husband will conclude her even if she is not a party. This is true, even when the property is homestead, if the homestead claim would not defeat the action. Breath v. Flowers, 43 Texas Civ. App. 516, 95 S. W. 26; Howell v. Fidelity Lumber Company, 228 S. W. 181; Cooley v. Miller, (Com. App.) 228 S. W. 1085, and the long line of cases there cited. In the suit in question, which involved only the title and improvements in good faith, the homestead question, if urged, would not have defeated the claim of the plaintiff. As the judgment would have concluded Mrs. Starr if she had not been named in the petition, she occupied the position of

only a nominal or unnecessary party, and the fact that she may have not been disposed of by the judgment in question did not cause it to be other than a final judgment.

4 Plaintiffs in error next contend that because they took possession of the land the second time under a deed from a party by the name of Williams, that plaintiff could not prevail against them without showing title from the sovereignty of the soil. As above indicated, it must be presumed that the trial court found on the first trial that plaintiff had superior title to the land. There was no proof in the present case that L. W. Williams, grantor in the deed of January 31, 1922, had any title whatever. If he had a superior outstanding title it ought to have been shown on the former trial.

There is no assignment of error here to the effect that the evidence raised an issue of fact as to title under either the five or ten years statutes of limitation after the re-entry. However, we have examined the evidence and find that no such issue was raised.

We have not considered the findings of fact made by the trial court at the time of the rendition of the judgment of January 23, 1920. We think it proper to say, however, that those findings disclosed that neither Starr nor wife had any interest whatever in the land in question when that judgment was rendered.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court March 9, 1938.

Rehearing overruled April 6, 1938.