**Brian PANDO and Aurelio Pando, Appellants,**

v.

**SOUTHWEST CONVENIENCE STORES, L.L.C., Appellee.**

**No. 11–06–00064–CV.**

Court of Appeals of Texas, Eastland.

Sept. 6, 2007.

---

Michael McLeaish, Odessa, for appellants.

Jana G. Clift, Cotton Bledsoe Tighe & Dawson, Richard R. Fletcher, Midland, for appellee.

Panel consists of: WRIGHT, C.J., and McCALL, J.

## OPINION

TERRY McCALL, Justice.

This is an appeal from a take-nothing summary judgment in a case involving the Dram Shop Act, TEX. ALCO. BEV.CODE ANN. §§ 2.01–.03 (Vernon 2007). Brian Pando and his father, Aurelio Pando, sued Southwest Convenience Stores, L.L.C., alleging that it sold alcoholic beverages to Brian while he was obviously intoxicated and was, therefore, liable for the wreck that Brian had after leaving the convenience store and consuming more alcohol. Although Brian suffered only minor injuries, the driver of the other vehicle died as a result of the wreck. Brian was convicted of intoxication manslaughter and received a six-year sentence. Appellants sought damages for Brian's mental anguish, loss of earning capacity due to his imprisonment, loss of the value of the vehicle, and punitive damages. Southwest filed a traditional motion for summary judgment. The trial court granted the motion and ren-

dered judgment that appellants take nothing from Southwest. We affirm.

Appellants sought recovery pursuant to Section 2.02(b) of the Alcoholic Beverage Code, which provides that a cause of action exists against a person who provides, sells, or serves an alcoholic beverage upon proof that:

(1) at the time the provision occurred it was apparent to the provider that the individual being sold, served, or provided with an alcoholic beverage was obviously intoxicated to the extent that he presented a clear danger to himself and others; and

(2) the intoxication of the recipient of the alcoholic beverage was a proximate cause of the damages suffered.

Section 2.03(c) provides that the remedy available under the Dram Shop Act is the exclusive cause of action for providing an alcoholic beverage to a person eighteen years of age or older. Brian was twenty years old at the time.

In the motion for summary judgment, Southwest asserted that it was entitled to summary judgment as a matter of law because the summary judgment evidence showed that Brian was not obviously intoxicated at the time of the purchase, because Aurelio had no viable cause of action for the value of the car that Brian wrecked, and because punitive damages are not available under the statute. In response to the motion, appellants challenged only the ground regarding Brian's intoxication. Likewise, in the sole issue on appeal, appellants contend that the trial court erred in granting the motion for summary judgment because there was a genuine issue of fact regarding Brian's state of intoxication at the time he purchased the alcoholic beverages.[1]

A trial court must grant a motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991). In order for a defendant to be entitled to summary judgment, it must either disprove an element of each cause of action or establish an affirmative defense as a matter of law. *Am. Tobacco Co. v. Grinnell,* 951 S.W.2d 420, 425 (Tex.1997). Once the movant establishes a right to summary judgment, the nonmovant must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678–79 (Tex.1979). When reviewing a traditional summary judgment, the appellate court considers all the evidence and takes as true evidence favorable to the nonmovant. *Am. Tobacco Co.,* 951 S.W.2d at 425; *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). The appellate court "must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented" and may not ignore "undisputed evidence in the record that cannot be disregarded." *Goodyear Tire & Rubber Co. v. Mayes,* 236 S.W.3d 754, 755–757 (Tex.2007).

■ Southwest relied on Brian's deposition as evidence in support of the motion for summary judgment. The deposition reflects that, on August 1, 2003, Brian had consumed between four and eight beers when he went into one of Southwest's stores, a 7–Eleven, to purchase more beer. Brian had his first beer around 6:00 p.m. that evening and went into the 7–Eleven around 10:45 or 11:00 p.m. Brian pur-

---

1. Because appellants have not challenged the other grounds, we affirm without discussion the summary judgment as to Aurelio's claim and the punitive damages claim.

chased two 20–packs of Bud Light and left. The wreck occurred around 7:00 a.m. the next morning—approximately eight hours after Brian purchased the beer from the 7–Eleven. In his deposition, Brian admitted that at the time of the purchase he had no trouble walking, asking directions to the restroom, following those directions, grabbing the beer, or paying for the beer. As he was about to leave the store, Brian, who was not old enough to legally purchase beer, noticed a police officer at the light and waited at the door before walking out of the store.

Appellants filed a terse response to Southwest's motion for summary judgment. Attached to the response was an affidavit made by Brian after the motion for summary judgment was filed. In the affidavit, Brian stated: "The employee of 7–11 who sold me beer knew I was twenty years of age and knew I was intoxicated. I told her I was drunk and I was slurring my words, I had bloodshot eyes and I was staggering." Appellants argue that Brian's affidavit created a material issue of fact. The record shows, however, that Brian had previously stated in a deposition that he did not know if he exhibited any signs of intoxication when he was at the store; specifically, he did not know if his speech was slurred, if his eyes were squinted or bloodshot, if he was staggering, or if he smelled of alcohol.

■■ Generally, a deposition does not have controlling effect over an affidavit in determining whether a motion for summary judgment should be granted. *Randall v. Dallas Power & Light Co.*, 752 S.W.2d 4, 5 (Tex.1988). Thus, when conflicting inferences may be drawn from a

deposition and an affidavit made by the same person and filed in a summary judgment proceeding, a fact issue is presented that will preclude summary judgment. *Id.* at 5. However, when (1) the affidavit is executed after the deposition and (2) there is a clear contradiction on (3) a material point (4) without explanation, the "sham affidavit" doctrine may be applied and the contradictory statements in the affidavit may be disregarded. *Del Mar College Dist. v. Vela*, 218 S.W.3d 856, 862 n. 6 (Tex.App.-Corpus Christi 2007, no pet.). Several of our sister courts have held that such an affidavit merely creates a sham issue and cannot be used to avoid summary judgment.[2] *See Cantu v. Peacher*, 53 S.W.3d 5, 10–11 (Tex.App.-San Antonio 2001, pet. denied); *Eslon Thermoplastics v. Dynamic Sys., Inc.*, 49 S.W.3d 891, 901 (Tex.App.-Austin 2001, no pet.); *Burkett v. Welborn*, 42 S.W.3d 282, 286 (Tex.App.-Texarkana 2001, no pet.); *Farroux v. Denny's Rests., Inc.*, 962 S.W.2d 108, 111 (Tex. App.-Houston [1st Dist.] 1997, no pet.). As stated by the court in *Farroux*:

A party cannot file an affidavit to contradict his own deposition testimony without any explanation for the change in the testimony, for the purpose of creating a fact issue to avoid summary judgment. If a party's own affidavit contradicts his earlier testimony, the affidavit must explain the reason for the change. Without an explanation of the change in the testimony, we assume the sole purpose of the affidavit was to avoid summary judgment. As such, it presents merely a "sham" fact issue.

962 S.W.2d at 111 (footnote omitted).

We do not believe that the deposition testimony and the affidavit in this case

---

2. We note that acceptance of the sham affidavit doctrine is not universal among the courts of appeals. *See Pierce v. Washington Mut. Bank,* 226 S.W.3d 711, 717–18 (Tex.App.-Tyler 2007, pet. filed); *Davis v. City of Grape-*

vine, 188 S.W.3d 748, 756 (Tex.App.-Fort Worth 2006, pet. denied); *Thompson v. City of Corsicana Hous. Auth.,* 57 S.W.3d 547 (Tex. App.-Waco 2001, no pet.).

merely provide conflicting inferences as did those in *Randall*; rather, we conclude that Brian's affidavit directly contradicts his earlier deposition testimony on a material point. Because Brian did not include any explanation for this direct contradiction, we cannot hold that the affidavit created a material fact issue. The trial court could have concluded that the affidavit created only a sham issue. Consequently, we hold that the trial court did not err in granting Southwest's motion for summary judgment. Moreover, we do not believe that the events that occurred in this case—with the wreck occurring eight hours after the provider sold the alcoholic beverage—involve the type of situation that the legislature meant to address in the Dram Shop Act. *See J.D. Abrams, Inc. v. McIver*, 966 S.W.2d 87, 91–92 (Tex.App.-Houston [1st Dist] 1998, pet. denied) (finding no direct evidence that driver's intoxication was apparent to the provider and noting that intoxicated driver was involved in wreck one hour after leaving one establishment that sold alcohol to the driver and two and one-half hours after leaving another such establishment). Appellants' sole issue is overruled.

The judgment of the trial court is affirmed.

STRANGE, J., not participating.